Good morning, Your Honor. Donald McPherson on behalf of Mr. Escalanti. The threshold issue in this case was, was there any evidence that the defendant's Indian tribe was a federally recognized tribe? The simple answer to that question is no. There was absolutely none. The only evidence in the case was the enrollment certificate that went to the jury and that enrollment certificate says nothing about federal recognition. Moreover, the district court judge ruled in her post-verdict decision on the Rule 29 motion that this was an issue of fact for the jury and that the jurors could infer from the fact that my client had Indian blood according to the certificate in different tribes, and the Kayshan tribe was the one which issued the certificate, that the jury could infer that this Kayshan tribe is in fact federally recognized. I don't know what more I could do to inform this Court of all these, by giving examples of all these many tribe names that it's virtually impossible for a jury to decide from a tribe name whether that tribe is federally recognized. So the government responds by saying, oh, we missed it, but it's an issue of law that this Court, sua sponte, can now consider. Roberts. Counsel, let me just stop you. Let's say we agree with the government's theory that this is an issue of law. And so let's say if that's true, that here what the judge could have done was simply instruct the jury that the I don't know the full name of the tribe that appears on that BIA list, but the Kayshan tribe of Fort Yuma, Arizona, whatever the full name is, that particular tribe is a federally recognized tribe, right? Let's just say that the judge could have given the jury a jury instruction informing them of that. It would then fall to the jury, of course, to compare the tribe that's named on the tribal enrollment certificate with the tribe that the judge has told them about. And it would be a factual issue for the jury to decide whether the two are the same. Do you follow me? I follow you, Your Honor. Okay. If that's the way we ended up analyzing the case, tell me how does it come out in your view? Well, the problem is all that did not happen. It was waived by the government at time of trial. It was waived in this appeal by failure to cross-appeal or file a notice of appeal. Well, but hold on. If the error here is that the judge simply didn't give an instruction that perhaps should have been given. I'm not, excuse me, I'm not at the instruction issue yet. I'm on the issue of the government has waived the issue of claiming before this court that it's an issue of law, because it did not. The government didn't need to cross-appeal, counsel. They did not cross-appeal. They did not. Hang on. They did not need to cross-appeal in order to raise this ground as an alternative as a basis for affirmance. You only need to cross-appeal if you're seeking to enlarge the relief you got below. And they're not trying to do that. So forget about the cross-appeal. But the district court ruled that it was an issue of fact. That's the law of the case. Counsel, just follow, if you will, for just a second with my hypothetical. I'm just trying to get a sense of whether or not. Okay. I'm trying, Your Honor. Okay. So if we ended up deciding that this was an issue of law, it could have resulted in the judge giving the jury the instruction I described, right? That's correct. Why wouldn't it simply be harmless error for that instruction not to have been given? I'm just trying to figure out how do you still win if we end up analyzing the case in that fashion. Well, if the Court's going to the jury instruction issue, we've got, I mean, that's my issue number four. If the Court wants to look at jury instructions, we've got a plain error problem because there was no objection at trial. But even under the plain error standard, the jury instruction was grossly, and I say grossly, inadequate. I mean, the jury instruction was grossly inadequate. All's it said is you've got to find he is an Indian. That in itself is wrong. The instruction should have been that you must find beyond a reasonable doubt that Mr. Escalante was an Indian on the day of the offense. So. All right. But I guess I sort of look at the sufficiency of the evidence in terms of a challenge from that standpoint, which it doesn't have to be a whole lot to be sufficient in a situation. And so it appears to me that you concede in your reply brief at page 27 that there is no case in which the defendant is listed on a tribal enrollment certificate and the Court holds that he is not an Indian. And so you're asking us to make that ruling, right? There is no case out there that says that. That's correct. And there's no case on the inverse of that. And so the standard of review on sufficiency of the evidence is very high. And we have to look at the evidence in the most favorable light to the prosecution and determine if any rational juror could have found that Escalante was an Indian beyond a reasonable doubt. So why isn't the enrollment certificate enough, given that standard, to allow the jury to infer that Escalante was an Indian at the time of the crime? Because my understanding is the element of the crime is that he was an Indian, right? And then we look to how do you prove someone's an Indian? You look at the Bruce test. So we come back to the Bruce test, Bruce and his progeny. You've got two prongs. And under the second prong, you've got four factors. And under those four factors, you've got a relationship with the Federal Government, with the tribe, and a whole host of things. No evidence was put on of that, only the first factor, which is enrollment. And conceded, Bruce and his progeny say the enrollment in the tribe is the most important. However, you've got to ---- And so it's ten days after the crime, right? The enrollment date. The certificate is dated ten days after the crime. And says he's enrolled. So why couldn't the jury look at that and infer from that that on the date of the crime he was an Indian? Because the date of the enrollment, you know, I mean, you could logically say, okay, the crime happens. You request a certificate of enrollment. They date. They put the date on it that they're going to say, as of this date, he is enrolled. So ---- Well, that's a big problem for the government. If the date that he's enrolled is ten days after the crime, that's a huge problem. Well, no, it doesn't. That's not what it says. It says on that date he was enrolled. So from that, why couldn't the jury have inferred, you know, that he was enrolled on the date? And why isn't that enough? Because that's a real stretch. That's inference piling. Well, but inferences, jurors are entitled to make inferences. The jury can now look at this certificate and conclude reasonably that, beyond a reasonable doubt, that the date, July 29th, is ten days after the crime, that we're going to infer from that that he must have been enrolled on the day of the crime. Is there any evidence in there that this man is not an Indian? You know, I guess ---- you know, I'm always concerned with factual innocence claims, but this doesn't seem to be a factual innocence claim. It seems to be a sufficiency of the evidence claim. The guy seems ---- you know, there's also some evidence in the record that he's got a red pride tattoo. He's got a red pride tattoo. He's an Indian. I don't know if you want to hear what's in the ---- You know, the PSR is not introducing evidence, but the PSR indicates he's never in his life lived on a reservation. He's 33 years old. He's never had any contact with a reservation. There's no evidence that he ever stepped foot on the Keyshawn Reservation, which is 200 miles from the Gila River. But does that mean you're not an Indian under the law? I'm sorry, Your Honor? Does that mean you're not an Indian under the law if you haven't stepped foot on the reservation? No. You're asking what evidence is there that he's not an Indian. Well, the burden is not on the defense, obviously, to prove ---- But you don't even talk about his Indian status in the trial. I'd love to talk about what evidence there is not, and I've talked about it in the brief. Right. There's no other than this certificate and the red pride tattoo, there's nada, absolutely no evidence. And that's the problem I think the government has in this case. Cruz, you got Bruce and then Cruz and Maggi. Cruz and Maggi, this Court followed Bruce and held two defendants were not Indians because there was insufficient evidence, and there was a lot more evidence in those cases that they were Indians than there is in this case. Well, okay. Let me ask you this, just so that I understand the context. Because when you make an insufficiency of the evidence claimed, if we were to agree that there was insufficient evidence of the element of Indian, then Jeopardy's attached and he's free, correct? Am I getting that correctly? I'm sorry. Say again, Your Honor? All right. When you claim insufficiency of the evidence as to an element of the crime, Jeopardy's attached in this case. Right. And so if we were to determine that, he cannot be retried and he's off on the murder, correct? I'm glad you asked that question because I concluded at the time I wrote the briefs that that's correct, he must have quit. However, in the Supreme Court now has said something on double Jeopardy recently, I guess. Well, in responding to the government's motion last week for you to take judicial notice, now that they said it's a fact question, as to Federal recognition, there was the King case. They said it's a legal question. I'm sorry? You said they said it's a fact question. They said it's a legal question now, right? No. Last week they said it's a question of fact because they asked you to take judicial notice under the government. And they said it's a question of fact because you're a judge.  Now, I'm wondering what did the Supreme Court hold when Judge Callahan was talking about the Supreme Court? What did the Supreme Court hold? Okay. What I was going to say is in the King case that I cited, which is an old case back in the 50s, it was an FDIC case. And, by the way, this, you know, I think there's a real keen analogy between these Indian cases and the FDIC cases. This was an FDIC case in which there was no evidence of FDIC status of the bank. It went on appeal to this Court. This Court reversed and remanded. And I stood up and thought, well, how can that be? Why isn't it acquittal? The Court remanded for an evidentiary hearing on FDIC status only because it was a judge trial, a bench trial. And the Court said it has jurisdiction, I'm sorry, it has discretion to, under a Supreme Court case of 1961, I'm sorry, it was 1950, they say, absent evidence as to the branch bank's national character and judgment of conviction, the conviction cannot stand. This does not mean, however, that we must direct judgment of acquittal. We may, in our discretion, direct a new trial, citing Bryan, a 1950 case. And that astounded me, frankly. I thought the rule of law was insufficiency of evidence on appeal, acquittal, end of story. So I'd have to research that further, frankly. You know, I just noted it from last week. But it may well be that this Court does have a second choice if it decides there's And I see I have three minutes remaining. Would you like to reserve your time? I'd like to reserve time, Your Honor. Okay. Thank you. Thank you. Could you shepherdize the Bryan case, by the way? I'm sorry, Your Honor? Could you shepherdize the Supreme Court's decision in Bryan, which is cited there? I haven't yet, Your Honor. I could be wrong. I wouldn't swear to it, but I'm reasonably certain it's been overruled. I'll be glad to do so, Your Honor. Thank you. Good morning. Good morning, Your Honors. May it please the Court, my name is Brian Kaspersak, and I represent the United States in this matter. The first issue I'd like to bring to the Court's attention is, in fact, that the United States did not concede in our motion asking this Court to take judicial notice of the existence of the BIA lists or the names of those tribes on the list. We did not concede that the issue with regard to federal recognition is a question of fact. Your Honors, that was offered to the Court and to a counsel as an alternative position should this Court rule against the United States and find that federal recognition is a question of fact. However, we believe that federal recognition in and of itself is a question of law that is properly decided by the Court, and the jury would have no role in determining whether or not the Ford-Kachan or the San Carlos-Apache unions. But you couldn't, if you had offered that at trial, this document that you sent us, that would have been admissible. I'm sorry, Your Honor? The document that you sent us, if you had offered it at trial, it would have been admissible. Yes, Your Honor. Assuming that the Court granted our request for judicial notice with respect to the BIA lists for 2008. Were you trial counsel? Yes, Your Honor, I was. What were you thinking? I mean, why, you know, on an element of a crime would you want to make it so thin when there's a possible argument that jeopardy is attached? And so you go, you find someone gets convicted of murder, and then the only thing is that, you know, I haven't seen anything in the record that really indicates that he's not an Indian. But when you know that that's an element, if you assume that the allegation here is sufficiency of the evidence, what is all the evidence that you had that went to the jury? Your Honor, it would be the certificate of Indian blood. To answer your first question as to what I was thinking as trial counsel, I was thinking that when I asked the investigator to go get the certificate of Indian blood, when the certificate did come back, I saw that it was a federally recognized tribe, and I was thinking I now have proof that per the instruction and per the law under Bruce, I have the best proof possible that the defendant is an Indian. And in perfect candor, I turned my attention to other evidentiary challenges that I had in this case. Can I ask you this? So how do you distinguish the FDIC cases? Yes, Your Honor. The FDIC is distinguishable. I believe the case there that I think was the James case that Judge Fernandez had cited to during the Zepeda argument, there the United States or the prosecution failed to enter the FDIC certificate or evidence of the stipulation into evidence at all. And the court, I don't believe the court could take judicial notice of the existence of an FDIC certificate because an FDIC, the certification of the Federal Deposit Insurance Corporation, is a much more mutable concept than being an enrolled member of a federally recognized tribe. Can you explain that a bit? Yes, Your Honor. Yes, Your Honor. The idea of a federal FDIC is much more mutable. A bank can, for a period of time, have that insurance with the FDIC and not, whereas with an enrollment tribe, it takes an act of Congress or an order of this Court to find that a specific tribe is, in fact, not federally recognized, that it would no longer be on the BIA list. There, Your Honor, I'd invite the Court's attention to the Heath case. There, that particular individual was found not to be an Indian because the tribe to which he had claimed membership was no, had been, through an act of Congress, had been removed from that role. And so that's a critical distinction when we address the FDIC certificate vis-à-vis a certificate of Indian blood. But, counsel, isn't there essentially the equivalent of the BIA list on the FDIC side, where you could just go to the list and there would be no dispute? Bank of America, oh, yes, it's on the list. Your Honor, I don't know the answer to that question. Well, suppose the answer is yes, there is such a list. Well, if that is the case, Your Honor, then it probably would have to be in an FDIC case. It still would be distinguishable because, again, being brought on and off the FDIC, based on my understanding of how federal deposit insurance works, it does not require an act of Congress to be taken on or off the list. But why does that matter as to whether it's an issue of law or an issue of fact for the jury? I don't get the idea that an act of Congress is necessary to take a tribe off the list. Why does that impact whether it's on the law side or the fact side? Actually, Your Honor, and I apologize if I've given the Court that impression, that impacts whether or not the Court, it's something that is ripe for the Court to take judicial notice of in the alternative. Our arguments with respect to the FDIC and its relation to the CIB are purely in the alternative. We still believe that the proof or support, analogous support for our position that federal recognition is a question of law come from Heath, LaPierre, Maggie, Guypen, Warren, and Johnson. I guess what I'm not understanding is it still seems like if it is a matter of law, then it would have been a matter of law for the trial judge, right? Yes, Your Honor. And then what I think Judge Corman is saying, those of us that sort of lived in the trenches both as trial lawyers and trial judges, you know, the way that you do that, then you ask the Court to take judicial notice at the time, and then the Court would rule, I am ruling that he is an Indian as a matter of law, and therefore I will instruct the jury of that fact. I think your co-counsel, not co-counsel, or counsel for the defendant, he basically was saying they challenged the sufficiency of the evidence at that time, and they were asking for a ruling that the prosecution, when the prosecution rested its case, that the evidence was deficient, and therefore they were asking for a judgment of acquittal at that time. Yes, those are legal rulings, but it went to the jury. So the jury, the judge basically sent it as a factual issue. So I'm confused as to how you're asking us to rule, you know, at an appellate court as a matter of law that he was an Indian. Yes. When we have to rule on sufficiency of the evidence in a jury trial. If you'd make that argument at the jury trial. I think I understand the Court's concern. And, Your Honor, what I would offer is that the Court, as you're well aware, can affirm the right result, albeit for the wrong reason. And assuming for the moment that a district court judge was in error to treat the issue with respect to federal recognition as a question of fact at the trial court level, this Court nonetheless can still affirm based on the law. So are you conceding that you lose on sufficiency of the evidence? No, Your Honor. I believe that the certificate of Indian blood is sufficient in and of itself. Even though it's 10 days later. Yes, Your Honor. With respect to that. Give me your best argument on sufficiency of the evidence. With respect to the status as an Indian. That he's an Indian. The element of the crime is he's an Indian. Yes, Your Honor. You have to approve that. Yes, Your Honor. And that would be the certificate of Indian blood. The reason for that is in the timeline. The murder occurred on July the 19th, and 10 days later the tribal enrollment certificate was issued at the request. It is reasonable for the jury to conclude that in those 10 days between the time that the defendant murdered Mr. Holland, that he did not go to the enrollment office and take steps necessary to enroll himself into the tribe. You also see in the. . . And once an Indian, always an Indian, I guess. You're saying, even though that's not entirely legally true. But you're saying in those 10 days he was likely to have been an Indian 10 days before. Picking up from the Court's logic, Your Honor, we would say that once an Indian who is a member of a federally recognized tribe, always an Indian of a federally recognized tribe until such time as Congress removes federal recognition. All right. Was there any evidence put on by the defendant that he was not an Indian? None, Your Honor. In fact, there was no objection to the certificate of Indian blood when it was admitted into evidence. And the first that there was somewhat inartfully raised at Rule 29 was their challenge, which perhaps it begs the reason as to why perhaps the Court arguably treated it as a question of fact. Because at a Rule 29 hearing is when the Child Defense Council made what ultimately becomes a legal challenge to the question with respect to federal recognition. Well, I know that they're alleging. . . I know that the defendant's alleging that the Court didn't rule on it. But I think that the Court kind of did rule on it if it sent it to the jury. Otherwise, it would have been a judgment of acquittal at that point. Yes, Your Honor. Yes, Your Honor. And so I don't recall anywhere in Judge Bolton's ruling that she explicitly makes a finding of fact in her order that you have in the Exhibit of Record, but that she specifically made a finding of fact. And so I believe it is reasonable to infer that she treated it as a question of law. But I guess the United States' position is, even assuming for the moment that she did erroneously treat it as a question of fact, because this Court can affirm a right result for a wrong reason, we believe that ultimately the conviction should be upheld. All right. But there is no case that specifically holds that federal recognition of a tribe is a matter of law for the Court instead of a question of fact for the jury. There isn't any case out there that specifically holds it, right? That is correct, Your Honor. So your best case is? Your Honor, I believe the best cases would be Lapeer, Maggie, and Heath read together. Lapeer, as the Court recalls, treated the issue of federal recognition as a threshold question, and they stopped their analysis in that case because the appellant there, who was trying to prove his status as an Indian, was trying to prove a membership in a tribe that was not federally recognized. Similarly, with respect to Maggie, when it talks about its overlay, the United States does not dispute the holding in the Bruce case. In fact, we believe, or the fact that Maggie provides a, I think the language is overlay. What we are arguing is that, and what is unclear from the appellant's interpretation of Bruce, where they have argued that all of these factors should take place, but what's unclear is in the overlay case where you do have the best evidence. So I guess if you were to have your wish list granted, you would like this Court to publish that federal recognition of a tribe is a matter of law and that tribal enrollment is sufficient to prove tribal recognition? Yes, Your Honor. Let me ask, though, about the jury instructions. Yes, Your Honor. Which are obviously deficient. I think you can see they were deficient under Cruz, right? Yes, Your Honor. Well, so what do we do with that? I mean, the jury was never told all of the things that you would need to go through in order to find Indian status under our case law. Yes, Your Honor. So what happens with that? Assuming for the moment that it was error, Your Honor, then I would say that it was harmless. And the reason for that, Your Honor, is there was no objection from the defendant at the time to the instructions. So this Court would be reviewing for plain error. Also, as the Court's aware, there was no factual challenge as to whether or not the defendant was a member, was recognized as an Indian member of a federally recognized tribe. So this was not an issue at play at trial. Well, yes, but if I were defense counsel in this, I'd sit on my hands and I'd let you twist and turn and all of this and be able to come and make this argument. That was pretty smart on defense counsel's part. So, you know, why should he do anything there? Well, with respect to the issue of the jury instructions, Your Honor, I would argue that that would be invited error and that while I may still twist and turn and you may sit on your hands, I don't believe that ultimately the defense counsel then could then sandbag this particular issue. I believe that they had a duty. If they felt they want to argue about it now at the trial or, excuse me, at the appellate level, they should have raised that issue then. Okay. So if it's prejudicial error, then it's a reversal and then you get to retry them because it's not a double jeopardy issue. If it's insufficiency of the evidence, arguably it's a double jeopardy issue and that's the end of the story. Right? Yes, Your Honor. That's what it sounds like. Okay.  Go ahead. You have two minutes. Can you go back over? I may have lost the first part of Judge Callahan's question. Under what circumstances do you get to retry him? Well, Your Honor, if he's right. Assuming that he was right, Your Honor, I believe that if it was prejudicial error and not, if I understood the judge's. Oh, that's the charge. I understand.  Of the instructions. Of the instructions. Then you would get to retry him. Yes, Your Honor. Okay. I understand that. If I could just sum up, I have about a minute and a half. Ultimately, the United States does believe that the issue with regard to federal recognition is one of law properly determined by the court in all of these factors. Now, if in this particular case the district court made an error with respect to both the charge to the jury as well as its ruling in Rule 29, we believe that to nonetheless be harmless for the reasons that we've already discussed. And ultimately, we believe that this court should infirm the convictions in this case. Just one last question. So what should the charge to the jury have looked like then in your view? If we agreed with you that the federal recognition issue is a matter of law, what would the charge to the jury have looked like here? Well, Your Honor, I would go to the model jury instruction that was promulgated by the Ninth Circuit a month after trial because I believe ultimately the model jury instruction now as it exists does provide many of the protections that the appellant argues. I'm just talking about with respect to the federal recognition part of it. Yes, Your Honor. The federal recognition, even in the new jury instruction, does not lay it out as an element, and I believe that it accurately and fairly addresses it about and talks about how it is recognition of a defendant, excuse me, in the first instance. Let me just tell you my concern. We have cases where the name on the BIA list is different from the name on the tribal enrollment certificate. They're similar, but they're not exact matches. And I'm just doesn't that issue have to go to the jury then? Your Honor, I see that my time. May I answer the Court's question? Your Honor, in that case, yes. That would be a circumstance where ultimately if the names are different, I don't know if it's necessarily the fact that the names are different themselves, if there is a fact challenge as to a fact underlying that. There's no fact challenge in this particular matter. And I would still argue, Your Honor, with respect to the names may be off one or two. I think a reasonable reading of the instruction and the Johnson case, which I cited in the 28J letter, even points out this. The reason that questions like the Form 4473 and federal recognition are questions of law for the Court is because it requires the ability to read and properly read the statutes and interpret them. I believe it was Zepeda. It may not have been Zepeda. There's another case where the name of the tribe does not reflect. It's off by maybe one word. That is something that makes it a question of law, because presumably the Court can interpret that and see, all right, well, make the distinction between a scrivener's error and an actual difference in fact in terms of what appears in the document. To give that to the jury would invite conflicting results. Do you think the judge gets to tell the jury that the tribe that's listed on the tribal enrollment certificate, that is a federally recognized tribe, even if there's a difference in the names? Depending on the difference, potentially, yes, Your Honor.  Thank you for your argument. Thank you. Your Honor, I have to say that I have serious concerns about the Court's question, what did the defendant put on as evidence as to being not an Indian? That is, did the defense prove a negative? You don't have to. Well, I've got to say that, again, there's no ---- Well, it all depends on the issue. If we're talking about plain error, it goes into a plain error analysis because it goes to the issue of whether there's a substantial injustice being done. I'm not using the exact words of the test, but it's certainly not irrelevant to a plain error analysis. Understood, Your Honor. Let me come back to what I think is the elephant in the room that hasn't been discussed. That is, what is the test for who is an Indian? The government continues adamantly with its position that enrollment in a recognized tribe, end of story. That's sufficient. That's not what Bruce says. That's not what Cruz, Maggi, and the rest of this Court's cases say. This Court says there's the two prongs, there's blood, plus the recognition by the tribe or the Federal Government, and there's four factors under that test, and they should all be weighed by the jury in declining order of importance. The first and most important factor, yes, I grant it to the government. It's enrollment. But there's other factors. And if you look at Cruz, we hang our hat on Cruz and Maggi. Cruz and Maggi, you're asking what evidence was there that the defendant was an Indian or was an Indian. Cruz and Maggi go into detail into that, and we've distinguished our case saying our client has less evidence of Indian involvement than those two defendants who were acquitted by this Court. Counsel, the problem I have with your argument is that none of our cases has ever said that the tribal enrollment certificate, if you've got that and there's no countervailing evidence, I don't think there's any case that you've cited in which the Court said that's not enough. But there's no – I understand, Your Honor. I understand your concern. And my answer to that, well, there's always a first, and this is maybe it, although there's the two related cases that are before the Court presently. But I also say there's not a converse case. There's not a case that the government has that this Court has decided, or I don't want to speak for other courts. There's no case in which this Court has decided enrollment in the recognized tribe is enough. End of story. They don't have a case either. But why don't you think, I mean, just if you're going to talk from, I guess, you know, just from a matter of first principles, why isn't this enrollment certificate enough to satisfy the second prong of the Bruce test? I keep saying it's not enough because that's what the law is in this circuit. That's not the law in the A circuit. It's the law in this circuit under Bruce and its progeny. And I keep coming back to Cruz. What happened in Cruz and what happened in Manji? This Court decided for Cruz it was a plain error standard, which we don't have here because of Rule 29 and renewed. Cruz did not renew his Rule 29. Thus, he had a higher standard than my client has on clear and convincing evidence, and Cruz won where he was doing all kinds of Indian stuff. Those are cases where the defendant wasn't an enrolled member. That's the whole difference. Right, right. But if you look at, when you look at Cruz, and also the descent in Cruz, you know, a very biting descent by Judge Krasinski, you look at that, and it's clear that they equate, this Court has equated enrollment in a tribe with descendant status. In other words, they're saying it's all about blood. Those two issues are basically about blood and the tribe being recognized. So they're really one and the same. Cruz and Manji, yes, were not enrolled, but they had descendant status. And I've read Cruz I don't know how many times, and it seems I see something different every time I read it, and also the descent. And I think it's clear that Cruz and Manji stand for the proposition that in the wake of Bruce, this is what's got to be shown. Enrollment is not enough, although in those two cases, you know, they said descendant status is not enough, but they equated descendant status with enrollment. And Bruce did say enrollment is not enough, and I understand the government's argument, well, Bruce was trying to prove she was an Indian, and the converse doesn't apply, and I say it does apply. Can I ask you, you may have been asked this, I'm not sure, but are we, suppose the judge had said, and I think you may have been asked this, but I just want to be clear in your answer. I told the jury that the defendant's tribe is on the federally recognized tribes that the Bureau of BIA publishes in the Federal Register. And you can, that would be sufficient to establish a status. I think it's a starting point. I don't think it's sufficient because I think what's required is a witness from the BIA who will say that, yes, the Federal Register is correct, and nothing's happened since the publication that you're looking at in the Federal Registration. In other words, it's a timing issue. You've got to look at a point in time, which is the date of the crime, and see if that tribe was recognized on that date. Now, if you bring in the two Federal Registers, you need to straddle, you need to bracket the crime. And in this case, frankly, the Federal Register does bracket the crime, and therefore, if the Court wants to decide Federal Register is enough, then they have the Federal Register. But I think, as in the FDIC cases. Breyer. I'm trying to get at is, doesn't this come down to a, if the judge could have taken judicial notice, doesn't your argument come down to an instruction, an error in the instruction? In other words, he could have said that the defendant, ladies and gentlemen of the jury, the defendant is a tribe that's on the federally recognized, is a federally recognized tribe that the Bureau of Public BIA publishes in the Federal Register. And from that, you may conclude that he's an Indian. Well, I'm cutting off the whole job. I just want to know, are we talking about if the judge could have taken judicial notice of it, even if it was ultimately a question for the jury, could he have, could he have, is this an error in the charge? I think the judge can take judicial notice of the fact of Federal recognition of the tribe as a starting point looking at BIA, but also relying on a witness, just as in the FDIC case, one of them where they brought the lady from Washington who testified that this bank's been FDIC for years. I've checked the records. They've never lost FDIC. I think with that kind of evidence, the district court could then decide as a question of fact. I still say it's a question of fact. So your argument is that so that the defect here is a lack of proper authentication of the, of the, of the particular document? Yes, Your Honor, that's the problem I have with just relying on the Federal Register. I think you've got to, I think the government's got to prove more than that. But then, but I think it's a question of fact under Rule 201F for the judge then to tell the jury, I've taken judicial notice that the tribe is Federally recognized. However, my notice is not binding on you. It's for you to decide the fact. That's a practical matter. You know, what's the jury going to do? They're going to follow the judge's finding, likely. But that's just the difference between the judicial finding of fact versus law. And by the way, the model instruction, not that it's law, but it does place in the instruction as a fact, Federally recognized tribe. But I'd like to come back to the bigger picture, which is what is the test of Indian status? And it's the two prongs, and the second prong has the four factors. And the government has submitted to the jury in this case only evidence on the first factor, if you give them the tribal certificate and the, even if you give them the tribal enrollment certificate and that tribe being Federally recognized. If you even, if you give them that much, they still have these other three factors, which, again, we're back to the Bruce test. All right. Thank you for your argument. This matter will stand submitted. Thank you, Your Honor.
judges: Korman, Callahan, Watford